RICH MICHAELSON MAGALIFF, LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851
Howard P. Magaliff

**Hearing Date and time:**
**February 7, 2022 at 10:00 a.m.**

**Objection Deadline:**
**February 2, 2022 at  5:00 p.m.**

*Attorneys for Howard P. Magaliff, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
In re:                                                        :
                                                              :        Chapter 7
MEL SERVICE, INC.,                                            :        Case No. 21-22685 (RDD)
                                                              :
                                          Debtor.[1]          :
--------------------------------------------------------------x

### NOTICE OF HEARING ON TRUSTEE'S MOTION TO SELL THE DEBTOR'S PROPERTY LOCATED AT 540 CONCORD AVENUE, BRONX, NEW YORK FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO SECTIONS 363(b) AND (f) OF THE BANKRUPTCY CODE

   **PLEASE TAKE NOTICE** that a hearing to consider the Trustee's motion to approve the sale of real property owned by the debtor will be held on February 7, 2022 at 10:00 a.m. before the Honorable Robert D. Drain, United States Bankruptcy Judge.  The hearing will be conducted virtually using Zoom for Government.  Parties wishing to appear must register in advance using the Electronic Appearance portal located on the Court's website at *http://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl*.

   **PLEASE TAKE FURTHER NOTICE** that responses or objections to the motion and proposed sale, if any, must be in writing, conform to the Federal Rules of Bankruptcy Procedure and be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties in interest, on a 3.5 inch disk, in text-searchable Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (in either case, with a hard copy delivered to Chambers), and be served upon (i) Howard P. Magaliff, Esq., Rich Michaelson Magaliff, LLP, 335 Madison Avenue, 9th Floor, New York, NY 10017, and by email to *hmagaliff@r3mlaw.com*, (2) Yevgeny Tsyngauz, Esq., Tsyngauz & Associates P.C., 114 Mulberry Street, 1st Floor, New York, NY 10013, and by email to *yt@nytlaw.com*, and (iii) Paul Schwartzberg, Esq., Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, and by email to *paul.schwartzberg@usdoj.gov* so as to be actually received no later than February 2, 2022 at 5:00 PM.

---

[1] The last four digits of the Debtor's employer identification number are 3789.

{00039368v1 }

**PLEASE TAKE FURTHER NOTICE** that only objections made in writing and timely filed and received will be considered by the Bankruptcy Court at the hearing.

Dated: New York, New York
       January 10, 2022

RICH MICHAELSON MAGALIFF, LLP
Attorneys for the Trustee
By:

/s/ Howard P. Magaliff
HOWARD P. MAGALIFF
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851
*hmagaliff@r3mlaw.com*

RICH MICHAELSON MAGALIFF, LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851
Howard P. Magaliff

**Hearing Date and time:**
**February 7, 2022 at 10:00 a.m.**

**Objection Deadline:**
**February 2, 2022 at 5:00 p.m.**

*Attorneys for Howard P. Magaliff, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                         :
                                                               :        Chapter 7
MEL SERVICE, INC.,                             :        Case No. 21-22685 (RDD)
                                                               :
                                       Debtor.[1]         :
------------------------------------------------------------x

**TRUSTEE'S MOTION TO SELL THE DEBTOR'S PROPERTY
LOCATED AT 540 CONCORD AVENUE, BRONX, NEW YORK
FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT
TO SECTIONS 363(b) AND (f) OF THE BANKRUPTCY CODE**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Howard P. Magaliff, the chapter 7 trustee (the "Trustee") of the estate of Mel Ser-

vice, Inc. (the "Debtor"), by his attorneys Rich Michaelson Magaliff, LLP, respectfully submits

this motion for an order pursuant to sections 363(b) and (f) of the Bankruptcy Code, title 11,

United States Code (the "Bankruptcy Code"), Rule 6004 of the Federal Rules of Bankruptcy

Procedure and Local Bankruptcy Rule 6004-1 authorizing him to sell the Debtor's real property

located at 540 Concord Avenue, Bronx, New York (the "Property") free and clear of liens and

interests, with liens and interests to attach to the proceeds, and states:

**INTRODUCTION**

1.      On May 18, 2021, Alejandro Quito and Rosa Quito (the "Quito Debtors")

filed a voluntary *pro se* petition under chapter 7 of the Bankruptcy Code.  Subsequently, the

---
[1]    The last four digits of the Debtor's employer identification number are 3789.

{00039368v1 }


Quito Debtors retained Richard S. Feinsilver, Esq. as counsel. Howard P. Magaliff is the trustee of the Quito Debtors pursuant to section 702(d) of the Bankruptcy Code (the "Quito Trustee").

2.    By Order dated September 7, 2021 (the "Operating Order"), the Quito Trustee was granted the authority pursuant to section 721 of the Bankruptcy Code to operate and manage the Quito Debtors' businesses and properties in which they have an interest, including without limitation the Property through the Debtors' 100% ownership of Mel Service, Inc. The Property is a mixed-use building with 32 residential and six commercial units.

3.    The shares of stock in the Debtor (the "Shares") are property of the Quito Debtors' estate. The Quito Trustee retained Rosewood Realty Group ("Rosewood") as auctioneer to sell the Shares, and the Court approved bidding procedures. Rosewood received many expressions of interest to acquire the Property outright rather than the stock.

4.    Accordingly, on December 14, 2021 (the "Petition Date"), the Quito Debtors' Trustee, acting through ownership of the shares of stock in the Debtor, filed a voluntary petition for the Debtor under chapter 7 of the Bankruptcy Code. The purpose for the filing was to enable the Property to be sold. The Quito Trustee was appointed as the interim chapter 7 trustee of the Debtor (the "Trustee"), and retained Rosewood in this case as the broker on the same terms and conditions that it was retained in the Quito Debtors' case.

5.    The Trustee intended to put the Property up for sale at an auction. However, the Trustee and Rosewood received an offer (the "Offer") to purchase the Property in a private sale for $6,800,000 from 540 Cab LLC (the "Purchaser"), whose principal is Marat Leshchinsky. A copy of the Memorandum of Sale with Terms and Conditions of Sale (the "Terms of Sale") executed by the Purchaser is attached as Exhibit 1. The Purchaser has delivered the deposit of $350,000 required by the Terms of Sale.

6.      Rosewood has advised the Trustee that the Offer is above the price of comparable sales in the area, and more than would likely be received at an auction.[2] Rosewood advised the Trustee to accept the Offer.  Accordingly, by this Motion, the Trustee seeks entry of an order authorizing the sale of the Property to the Purchaser pursuant to sections 363(b) and (f) of the Bankruptcy Code.

## MARKETING AND SALE OF THE PROPERTY

7.      Since being hired prior to the filing of the Quito Debtors' case by 540 Lender and in anticipation of going to market, Rosewood put together a 38-page offering memorandum; set up a due diligence room including appraisal, DHCRs, environmental report, rent roll in excel, insurance, leases, loan documents, and permits and inspections; created an HTML email blast; designed social media campaigns; assembled comparable sales data to show investors; had a drone pilot take photos of the Property for marketing materials; prepared a banner ad for Rosewood's daily run in Pincus Media; prepared an ad for the Epoch Times, Chinese section; made phone calls to some of Rosewood's top clients to gauge interest and get pricing feedback; and designed a hot property of the month ad for New York Real Estate Journal.  The Quito Debtors' bankruptcy case was filed before Rosewood officially went to market.  After the Quito Trustee retained Rosewood, the firm implemented its marketing program and actively marketed the Shares.  Many prospective buyers expressed interest in the Property rather than the Shares, and since this case was filed, have indicated a willingness to bid at an auction, but with prices starting much lower than the Purchaser's Offer.  In short, the Trustee believes that the marketing efforts were more than ample under the circumstances for the Property to be sold in a private sale.

---

[2]     The Debtor's senior secured lender 540 Concord Lender, LLC ("540 Lender") has agreed to a carve-out to cover administrative fees and expenses related to the sale in the unlikely event the proceeds are insufficient.

8.      The Terms of Sale are set forth in <u>Exhibit 1</u>.  Briefly, the Purchaser will pay $6,800,000 in cash at closing.  There are no financing contingencies.  The Purchaser has given a $350,000 non-refundable deposit to the Trustee, which will be forfeited if the Purchaser defaults under the Terms of Sale.  The Trustee will pay any required transfer tax and, as discussed below, the commission to Rosewood, and will satisfy fines, penalties and violations of record at closing.

## APPLICABLE AUTHORITY

### A.      The Proposed Sale is Within the Trustee's Sound Business Judgment

9.      Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that "[t]he  trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of  business, property of the estate …"  11 U.S.C. § 363(b)(1).  In addition, section 105(a) provides that the Court "may issue any order, process, or judgment that is  necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).

10.     In determining whether to approve a proposed sale under section 363(b), courts require that the sale be based upon the sound business judgment of the debtor.  *In re G.S. Distrib., Inc.*, 331 BR 552, 559 (Bankr. S.D.N.Y. 2005).  *See also Licensing by Paolo v. Sinatra (In re Gucci)*, 126 F.3d 380, 387 (2d Cir.1997) ("A sale of a substantial part of a Chapter 11 estate may be conducted if a good business reason exists to support it."); *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir.1983); *In re Chateaugay Corp.*, 973 F.2d 141, 143 (2d Cir.1992) (holding that a judge determining a § 363(b) application must find from the evidence presented before him a good business reason to grant such application); *In re Enron Corp.,* 284 B.R. 376, 392 n. 15 (Bankr.S.D.N.Y.2002).  "Although Section 363 of the Bankruptcy Code does not set forth a standard for  determining when it is appropriate for a court to authorize the sale or disposition of a debtor's assets, courts in … this Circuit

have required that it be based upon the sound business judgment of the debtor." *In re RSL COM PrimeCall Inc.*, No. 01-11457 (ALG), 2002 Bankr. LEXIS 367 at \*26-27 (Bankr. S.D.N.Y. Apr. 11, 2002). Once the Trustee articulates a sound business justification, there "'is a presumption that in making a business decision the [decision maker] acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'" *Official Comm. of Subordinated Bondholders v. Integrated Resources, Inc. (In re Integrated Resources, Inc.)*, 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993) (citation omitted).

11.     The Trustee believes that the sale of the Property constitutes the prudent and proper exercise of his business judgment, and should be approved pursuant to section 363(b) of the Bankruptcy Code. The Property was listed and marketed by an established and reputable broker over many months. Many parties were interested. While the Trustee has been operating the Property in his capacity as the Quito Trustee, the Property is in need of professional and competent management on a long term basis by an owner who can address tenant needs and complaints, provide renewal leases for tenants including those tenants who require them for government assistance, and provide for the maintenance and upkeep of the Property. The Trustee submits that proceeding with approval of the sale to the Purchaser, after the marketing efforts undertaken, maximizes the value that the estate will receive for the Property.

12.     Based on all of the foregoing, sound business reasons exist to justify the sale of the Property. Therefore, the Trustee submits that the proposed sale to the Purchaser should be approved.

**B.      Sale Pursuant to Section 363(f) is Appropriate**

13.     The Property is being sold and delivered "as is" and "where is" without any representations, covenants, guarantees or warranties of any kind or nature whatsoever, and,

pursuant to section 363(f) of the Bankruptcy Code, free and clear of all liens, claims and interests

of entities other than the estate of whatever kind or nature, with such liens, claims, interests and

encumbrances, if any, to attach to the proceeds of the sale such order and priority as they existed

immediately prior to the date of the sale, and subject to, among other things: (a) any state of facts

that an accurate survey would show; (b) any covenants, restrictions and easements of record;

(c) any state of facts a physical inspection may show; (d) any building or zoning ordinances or

other applicable municipal regulations and violations thereof; (e) environmental conditions;

(f) all deed restrictions; and (g) subject to all existing leases and tenancies.

> 14.    Section 363(f) of the Bankruptcy Code provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –

> > (1)    applicable nonbankruptcy law permits sale of such property free and clear of such interest;

> > (2)    such entity consents;

> > (3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

> > (4)    such interest is in bona fide dispute; or

> > (5)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

> 15.    The Trustee submits that section 363(f) is satisfied in this case because,

*inter alia*, the purchase price exceeds the known liens against the Property specifically including

the outstanding first lien mortgage debt of 540 Lender in the approximate amount of $3,877,699

as of the Petition Date, and those creditors could be compelled to accept a money satisfaction of

their interests.

C. **Basis for Private Sale**

16.     While many section 363 sales are conducted under competitive bidding procedures, there is no requirement in the Bankruptcy Code to do so.  In fact, Bankruptcy Rule 6004(f) specifically contemplates private sales with the statement that "[a]ll sales not in the ordinary course of business may be by private sale or by public auction."

17.     Courts have noted that private sales are appropriate under section 363.  *See In re Bakalis*, 220 B.R. 525, 531 (Bankr. E.D.N.Y. 1998) ("Unlike judicial sales under the Bankruptcy Act, the sale of estate property under the Bankruptcy Code is conducted by a trustee, who has ample discretion to conduct public or private sales of estate property."); *Penn Mut. Life Ins. Co. v. Woodscape Ltd. P'ship (In re Woodscape Ltd. P'ship)*, 134 B.R. 165, 174 (Bankr. D. Md. 1991) (noting that, with respect sales of estate property pursuant to section 363 of the Bankruptcy Code, "[t]here is no prohibition against a private sale … and there is no requirement that the sale be by public auction").

18.     Here, proceeding with an auction versus a private sale would incur additional costs to the Debtor's estate, without any assurances that there would be any benefit or increased purchase price.  To the contrary, Rosewood has urged the Trustee to accept the Offer because of its belief that the purchase price exceeds that which could be obtained at auction.

D. **Closing Expenses**

19.     Finally, the Trustee seeks authority to pay closing expenses, if required or appropriate, from the proceeds at or subsequent to closing, including the mortgage of 540 Lender.

20. The Order authorizing Rosewood's retention[3] provides that "Rosewood shall be compensated for services rendered and reimbursed its reasonable and necessary expenses, in each case as provided in the Retention Agreement, pursuant to a proper application therefor under 11 U.S.C. §§ 328(a) and 330 and the applicable Bankruptcy Rules, Local Bankruptcy Rules, and fee and expense guidelines and orders of the Court; *provided that* (a) Rosewood is exempt from keeping time records for its work; (b) all amounts due to Rosewood will be paid at closing upon approval of a fee application, which may be included in any motion made by the Trustee to approve the sale of the Concord Avenue Property."  Rosewood's retention agreement provides that the commission will be paid by the purchaser as a buyer's premium. However, that provision contemplated an auction.  Here, the Trustee agreed with the Purchaser to pay the commission directly; otherwise the purchase price would have been lower.  The net economic impact to the estate is zero.  The Trustee seeks authority to pay Rosewood its 3% commission – $204,000 – at closing, plus reimbursement of expenses as provided in the Rosewood agreement.

## RELIEF FROM 14-DAY AUTOMATIC STAY UNDER BANKRUPTCY RULE 6004(h)

21. Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property … is stayed until the expiration of 14 days after entry of the order, unless the Court orders otherwise."  The Terms and Conditions of Sale require the Purchaser to close within seven business days after receiving notice from the Trustee of the entry of the approval order. Relief from the 14-day stay therefore would enable the Trustee to close on the sale as promptly as

---

[3]    The order has not yet been entered as of the filing of this Motion.  However, there were no objections to the proposed order on presentment, and these are the same terms that the Court approved for Rosewood's retention in the Quito Debtors' case.

possible, relieving the estate of any further burdens or costs imposed for management of the Property, including the accrual of taxes and repairs.  The Trustee requests that the order approving the sale be effective immediately by providing that the 14-day stay is waived.

22.    The Trustee has given notice of the this Motion to all creditors, Alejandro Quito and his counsel, all persons who filed a notice of appearance, and the United States Trustee, and submits that such notice is sufficient and appropriate.

23.    No prior request for the relief sought has been made.

**WHEREFORE**, for the foregoing reasons, the Trustee requests that the Court (i) approve the Terms of Sale, (ii) authorize the sale of the Property pursuant to sections 363(b) and (f) of the Bankruptcy Code, and (iii) authorize the payment of costs and expenses at closing as described herein, specifically including the commission and expense reimbursement to Rosewood, and enter the order in the form attached as Exhibit 2, together with such other and further relief as the Court considers appropriate under the circumstances.

Dated:    New York, New York          RICH MICHAELSON MAGALIFF, LLP
          January 10, 2022             Attorneys for the Trustee
                                       By:

                                       /s/ Howard P. Magaliff
                                       335 Madison Avenue, 9th Floor
                                       New York, NY 10017
                                       646.453.7851
                                       *hmagaliff@r3mlaw.com*

## **EXHIBIT 1**

## MEMORANDUM OF SALE

       The undersigned this ___ day of January, 2022 agrees to purchase the real property and improvements thereon located at 540 Concord Avenue, Bronx, New York (the "Property") for the sum of $6,800,000 and promises and agrees to comply with the following Terms and Conditions of Sale of the Property. The Purchaser acknowledges that this Memorandum of Sale will be present to the Bankruptcy Court for approval.

_____       _____
Purchaser (Signature)                              Purchaser (Signature)

Name: 540 Cab LLC                           Name: _____
Address: 2533 Batchelder Street #1E       Address: _____
          Brooklyn, NY 11235                  _____
Phone: _____            _____
Fax: _____              Phone: _____
Email: _____            Fax: _____
                                        Email: _____

Received from _____ on January ___, 2022 the sum of $350,000 as a non-refundable (except as set forth in the Terms and Conditions of Sale) deposit for the purchase of the Property pursuant to the Terms and Conditions of Sale.

                                        Rosewood Realty Group
                                        By:

                                        _____
                                        Name:

## PURCHASER ATTORNEY INFORMATION

Name: Mihail Litt, Esq.
Address: Tsyngauz & Associates PC
          114 Mulberry Street, Ground Floor
          New York, NY 10013
Phone: _____
Fax: _____
Email: _____

## TERMS AND CONDITIONS FOR SALE OF
## THE DEBTOR'S REAL PROPERTY LOCATED
## AT 540 CONCORD AVENUE, BRONX, NEW YORK

These terms and govern the sale (the "Sale") of the real property and improvements thereon located at 540 Concord Avenue, Bronx, New York (the "Property") owned by the debtor Mel Service, Inc. (the "Debtor"). The seller is Howard P. Magaliff (the "Trustee"), the chapter 7 trustee of the Debtor.

1.    The Purchaser must deliver to Rosewood a certified or bank check made payable to "Howard P. Magaliff, as Trustee of Mel Service, Inc." in the amount of $350,000 (the "Deposit"). The Deposit shall serve as a partial good faith deposit against payment of the Purchase Price. The Trustee will hold the Deposit in escrow until the Closing as defined below.

2.    The Purchaser must close title (the "Closing") to the Property at a date that is not more than seven business days after notice from the Trustee, which may be given by email, that the Bankruptcy Court has approved the Sale or such other time as agreed to with the Trustee.

3.    Closing is subject to the entry of an order approving this Memorandum of Sale and the transactions contemplated hereby (the "Approval Order"). A hearing (the "Approval Hearing") will be held on February 7, 2022 at 10:00 a.m. to consider the Trustee's motion to sell the Property and entry of the Approval Order. The hearing will be conducted virtually using Zoom for Government. Parties wishing to appear must register in advance using the Electronic Appearance portal located on the Court's website at *http://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.*

4.    If the Purchaser defaults under these Terms and Conditions, the Purchaser shall forfeit the Deposit.

5.      The Trustee will be responsible for the payment of transfer taxes and Rosewood Realty Group's commission. The Purchaser will be responsible for the payment of any recording fees and any commission owed to its own broker.

6.      The Purchaser shall be obligated to close title to the Property and there is no contingency of any kind or nature that will permit the Purchaser to cancel or avoid his, her or its obligation under these Terms and Conditions other than the Trustee's inability to deliver insurable and marketable title to the Property. The balance of the Purchase Price shall be paid in immediately available funds. The Purchaser must demonstrate to the satisfaction of the Trustee and the Court at the Approval Hearing the ability to conclude the transaction upon these Terms and Conditions including the availability of sufficient unencumbered funds to close.

7.      The Property is being sold and delivered **"AS IS" and "WHERE IS"**, **"WITH ALL FAULTS"**, without any representations, covenants, guarantees or warranties of any kind or nature whatsoever, and, pursuant to section 363(f) of the Bankruptcy Code, free and clear of all liens, claims and interests of entities other than the estate of whatever kind or nature, with such liens, claims, interests and encumbrances, if any, to attach to the proceeds of the Auction Sale in such order and priority as they existed immediately prior to the date of the Auction Sale, and subject to, among other things: (a) any state of facts that an accurate survey would show; (b) any covenants, restrictions and easements of record; (c) any state of facts a physical inspection may show; (d) any building or zoning ordinances or other applicable municipal regulations and violations thereof; (e) environmental conditions; (f) all deed restrictions; and (g) subject to all existing leases and tenancies. By delivering its Deposit, the Purchaser acknowledges that it has had the opportunity to review and/or inspect the Property, the state of title thereof, and laws, rules and regulations applicable thereto, and will rely solely thereon and on their own independent investigations and inspections of the Property in making their bids. The Purchaser

acknowledges that it has conducted its own due diligence in connection with the Property, and is not relying on any information provided by the Trustee, Rosewood, and/or the Trustee's retained professionals.

8.    The Trustee, Rosewood, and the Trustee's retained professionals have not made and do not make any representations or warranties with respect to the permissible uses of the Property, the physical condition, value of the land or improvements thereon, use or any other matter or thing affecting or related to the Property that might be pertinent to the purchase of the Property, including, without limitation: (a) the current or future real estate tax liability, assessment or valuation of the Property; (b) the potential qualification of the Property for any and all benefits conferred by or available under federal, state or municipal laws, whether for subsidies, special real estate tax treatment, insurance, mortgages, or any other benefits, whether similar or dissimilar to those enumerated; (c) the compliance or noncompliance of the Property, in its current or any future state, with applicable current or future zoning ordinances or other land use law or regulation, or the ability of the owner of the Property to obtain a change in the zoning or use, or a variance in respect to the Property; (d) the availability of any financing for the purchase, alteration, rehabilitation or operation of the Property from any source, including, but not limited to, any state, city, local government or federal government or institutional lender; (e) the current or future use of the Property; (f) the present and future condition and operating state of any and all machinery or equipment in the Property and the present or future structural and physical condition of any improvements thereon or its suitability for rehabilitation or renovation; (g) the ownership or state of title of any personal property in the Property; (h) the presence or absence of any laws, ordinances, rules or regulations issued by any governmental authority, agency or board and any violations thereof; (i) any present or future issues concerning subdivision or non-subdivision of the Property; or (j) the compliance or non-compliance of the Property with environmental

laws and the presence or absence of underground fuel storage tanks, any asbestos or other hazardous materials anywhere in or on the Property. The Trustee, Rosewood and the Trustee's retained professionals are not liable or bound in any manner by express or implied warranties, guaranties, promises, statements, representations or information pertaining to the Property.

9.    The Trustee shall convey the Property by trustee's bargain and sale deed without covenants, so as to convey to the Purchaser fee simple title to the Property, free and clear of all liens, claims, encumbrances and interests pursuant to 11 U.S.C. § 363, including without limitation, emergency repair liens, recorded contracts of sale, recorded financing statements and mortgages, other than the exceptions set forth in ¶¶ 7(a)-(g) herein. The quality of title shall be that which a reputable title insurance company doing business in the State of New York is willing to approve and insure, subject to the exceptions set forth in ¶¶ 7(a)-(g) herein. At the Closing, the Trustee shall cause payment of all fines, penalties and interest in connection with all notices or notes of violations issued against the Property as of the closing date.

10.    Nothing contained in these Terms and Conditions shall supersede or alter any provisions of the Bankruptcy Code or of the Federal Rules of Bankruptcy Procedure or otherwise interfere with the jurisdiction of the Court. To the extent of any conflict between the Bankruptcy Code and/or the Bankruptcy Rules and these Terms and Conditions, the Bankruptcy Code and/or the Bankruptcy Rules shall govern. All of the terms and conditions set forth in these Terms and Conditions are subject to modification as may be directed by the Trustee or the Court. The Trustee reserves the right to modify these Terms and Conditions to maintain consistency with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and/or prior orders of the Court.

11.    The Sale of the Property is subject to entry of the Approval Order.  Any disputes concerning the Sale shall be determined by the Court.  By participating in the Sale, the Purchaser consents to the jurisdiction of the Court to determine any disputes.

I have read these Terms and Conditions of Sale and agree to be bound by them.

By: _____

Print Name: __MARAT LEShchinsky_____

Date: January ___, 2022    *Authorized Signatory*

**EXHIBIT 2**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                :
                                                      :        Chapter 7
MEL SERVICE, INC.,                                    :        Case No. 21-22288 (RDD)
                                                      :
                          Debtor.[1]                  :
-------------------------------------------------------------x

### ORDER AUTHORIZING THE SALE OF THE DEBTOR'S PROPERTY LOCATED AT 540 CONCORD AVENUE, BRONX, NEW YORK FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO SECTIONS 363(b) AND (f) OF THE BANKRUPTCY CODE

Upon the motion dated January 10, 2022 (the "Motion") of Howard P. Magaliff (the "Trustee"), the chapter 7 trustee of Mel Service, Inc. (the "Debtor"), for entry of an order pursuant to sections 363(b) and (f) of the Bankruptcy Code, title 11, United States Code (the "Bankruptcy Code"), Rule 6004 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 6004-1 authorizing him to sell the Debtor's real property located at 540 Concord Avenue, Bronx, New York (the "Property") to 540 Cab LLC (the "Purchaser") according to the Terms of Sale attached to the Motion as Exhibit 1, free and clear of liens and interests, with liens and interests to attach to the proceeds; and due and sufficient notice of the Motion having been given; and being that a sale of the Property is in the best interests of the estate and its creditors, and parties in interest; and a hearing (the "Sale Hearing") having been held on February 7, 2022, and the Court having considered the arguments of all counsel and interested parties wishing to be heard who appeared at the Sale Hearing; and there being no objections to the Motion, and no adverse interest appearing, and good and sufficient cause existing for the relief requested, the Court hereby **FINDS** and **CONCLUDES** that:

---

[1]   The last four digits of the Debtor's employer identification number are 3789.

{00039368v1 }

      A.      Notice of the Motion and the Sale Hearing was good, adequate and sufficient, and all parties in interest were given the opportunity to object to the proposed sale and be heard.

      B.      The Property was adequately marketed.

      C.      Closing with the Purchaser provides fair and reasonable consideration to the estate.

      D.      The Trustee has demonstrated sound and prudent business judgment in deciding to sell the Property to the Purchaser.  The proposed sale of the Property is in the best interests of the Debtor's estate and creditors.

      E.      Sale of the Property pursuant to section 363(f) of the Bankruptcy Code is appropriate, because the Trustee has satisfied one or more of the requirements of section 363(f) of the Bankruptcy Code.

      F.      No objections to the Motion were filed or interposed.

      G.      Waiver of the 14-day automatic stay under Bankruptcy Rule 6004(h) is appropriate under the circumstances.

Based upon the foregoing findings of fact and conclusions of law, it is hereby

**ORDERED** that:

1.      The Motion is approved as set forth herein.

2.      The Terms of Sale attached as <u>Exhibit 1</u> to the Motion are approved, and such Terms of Sale are hereby incorporated into and made a part of this Order.

3.      Pursuant to 11 U.S.C. §§ 363(b) and (f), the Trustee be, and he hereby is authorized to sell the Property to the Purchaser, free and clear of all liens, claims and interests of

entities other than the estate of whatever kind or nature, with such liens, claims, interests and en-

cumbrances, if any, to attach to the proceeds of the sale in such order and priority as they existed

immediately prior to the date of the sale.

       4.     The Purchaser is directed to close on the sale in accordance with the

Terms of Sale.

       5.     All objections to the Motion and the sale of the Property, to the extent not

withdrawn or resolved, are denied in all respects.

       6.     The sale of the Property is exempt from the automatic stay requirement of

Bankruptcy Rule 6004(h).

       7.     The Trustee is authorized to execute all documents and take all actions

necessary to close on the sale of the Property pursuant to the Terms of Sale and this Order.

       8.     The Trustee is authorized to pay all closing costs and fees out of the sale

proceeds at or after closing including the secured claim of 540 Concord Lender, LLC and the

commission of $204,000 to Rosewood Realty Group together with reimbursement of Rose-

wood's expenses.

       9.     This Order shall survive the conversion or dismissal of the Debtor's case

       10.     This Court shall retain jurisdiction with respect to any dispute under this

Order.

Dated: White Plains, New York
      February __, 2022

                                               _____
                                               Hon. Robert D. Drain
                                               United States Bankruptcy Judge