UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                          :
                                                :        Chapter 7
MEL SERVICE, INC.,                              :        Case No. 21-22685 (RDD)
                                                :
                    Debtor.[1]                  :
-----------------------------------------------------------x

### ORDER AUTHORIZING THE SALE OF THE DEBTOR'S PROPERTY LOCATED AT 540 CONCORD AVENUE, BRONX, NEW YORK FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b) and (f)

Upon the motion, dated January 10, 2022 (the "Motion") of Howard P. Magaliff (the "Trustee"), as the chapter 7 trustee of Mel Service, Inc. (the "Debtor"), for entry of an order pursuant to section 363(b) and (f) of the Bankruptcy Code, title 11, United States Code (the "Bankruptcy Code"), Rule 6004 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 6004-1 authorizing him to sell the Debtor's real property located at 540 Concord Avenue, Bronx, New York (the "Property") to 540 Cab LLC (the "Purchaser") according to the Terms of Sale attached to the Motion as Exhibit 1, free and clear of all liens, claims, encumbrances, and interests therein or thereon of whatever kind or nature, with such liens, claims, encumbrances, and interests to attach to the sale proceeds; and, after due and sufficient notice of the Motion having been given as evidenced by the certificate of service filed [doc. 15], there being no objections to the Motion; and upon the record of the hearing held by the Court on the Motion on February 7, 2022 (the "Sale Hearing"); and, after due deliberation, the Court having determined that the proposed sale is a proper exercise of the Trustee's business judgment, at armslength, and in the best interests of the Debtor's estate; and good and sufficient cause existing for the relief requested, the Court hereby **FINDS** and **CONCLUDES** that:

---

[1]   The last four digits of the Debtor's employer identification number are 3789.

{00039808v1 }

Pg 2 of 4

    A. Notice of the Motion and the Sale Hearing was good, adequate and sufficient, and all parties in interest were given the opportunity to object to the proposed sale and be heard.

    B. The Property was adequately marketed.

    C. Closing with the Purchaser upon the Terms of Sale provides fair and reasonable consideration to the estate.

    D. The Trustee has demonstrated sound and prudent business judgment in deciding to sell the Property to the Purchaser under the Terms of Sale in a private sale. The proposed sale of the Property is in the best interests of the Debtor's estate and creditors.

    E. Sale of the Property free and clear pursuant to section 363(f) of the Bankruptcy Code is appropriate, because the Trustee has satisfied one or more of the requirements of section 363(f) of the Bankruptcy Code.

    F. If the Purchaser closes on the sale of the Property under the Terms of Sale, it will be entitled to be treated as a purchaser in good faith, including for purposes of section 363(m) of the Bankruptcy Code.

    G. Waiver of the 14-day automatic stay of this Order under Bankruptcy Rule 6004(h) is supported by good and sufficient cause.

    Based upon the foregoing findings of fact and conclusions of law, it is hereby **ORDERED** that:

    1. The Motion is granted as set forth herein.

    2. The Terms of Sale attached as <u>Exhibit 1</u> to the Motion are approved, and such Terms of Sale are hereby incorporated into and made a part of this Order.

    3. Pursuant to section 363(b) and (f) of the Bankruptcy Code, the Trustee is authorized to sell the Property to the Purchaser under the Terms of Sale, free and clear of all

liens, claims, interests, and encumbrances therein or thereon of entities other than the Debtor's bankruptcy estate of whatever kind or nature, with such liens, claims, interests, and encumbrances to attach to the proceeds of the sale in such order, priority and enforceability, and subject to the same defenses, as they existed immediately prior to the closing of the sale.

4. The Purchaser is directed to close on the sale in accordance with the Terms of Sale.

5. Pursuant to section 363(m) of the Bankruptcy Code, if any or all of the provisions of this Order are reversed, modified, vacated or stayed by subsequent order of this Court or any other court, such reversal, modification, vacatur or stay shall not affect the validity and the enforceability of any obligation, debt or claim incurred or granted or sale made pursuant to this Order, and notwithstanding any stay, reversal, modification or vacatur of this Order, any sale or other obligation of the parties pursuant to this Order arising prior to the effective date of any such stay, reversal, modification or vacatur shall be governed in all respects by the original provisions of this Order.

6. The 14-day stay of this Order under Bankruptcy Rule 6004(h) is waived for cause shown, and this Order is enforceable immediately upon its entry.

7. The Trustee is authorized to execute all documents and take all actions necessary to close on the sale of the Property pursuant to the Terms of Sale and this Order.

8. The Trustee is authorized to pay all closing costs and fees out of the sale proceeds at or after closing, including the allowed secured claim of 540 Concord Lender, LLC and the allowed commission of $204,000 to Rosewood Realty Group together with reimbursement of Rosewood's expenses.

9. This Order shall survive the conversion or dismissal of the Debtor's case

10. This Court shall retain jurisdiction with respect to any dispute under this Order.

Dated: White Plains, New York
February 7, 2022

*/s/ Robert D. Drain*
Hon. Robert D. Drain
United States Bankruptcy Judge